WM. S. FLOURNOY et al., Respondents, v. PHOENIX BRICK AND CONSTRUCTION COMPANY, Appellant.

Kansas City Court of Appeals, November 6, 1911.

1. PRINCIPAL AND AGENT: Authority of Agent. Defendant was a paving contractor, and J. T. Ware was a promoter in its employ. Ware's duties were to stimulate interest in public improvements and procure paving contracts for defendant with municipal corporations. Ware was accustomed to employ counsel to see that proceedings leading up to the issuing of the taxbills issued on the completion of such contracts were in due form. He employed plaintiffs to see to the regularity of certain proceedings in Independence, and they performed the necessary services and demanded their fees of defendant. Defendant declined to pay, claiming that Ware was paid a commission for his services, and that he was to pay attorney's fees out of those commissions. There being no evidence that plaintiffs knew of the arrangement between Ware and defendant, plaintiffs were entitled to their fees.

2. ———: ———. In determining whether an agent has power to contract, the test is not what authority the principal intended to confer, but what a reasonably prudent person would have the right to believe concerning the agent's powers.

3. ———: ———. Estoppel. Plaintiffs had the right to believe that as defendant's agent had authority to hire lawyers, the principal would pay for the services, and when plaintiffs performed the services and defendant received the benefit, it is estopped to deny its liability.

4. **TRIAL PRACTICE: Jury: Objection Not Based on Evidence.** Prior to the census of 1910, Buchanan county had over 100,000 inhabitants, and the judges of the circuit and criminal courts acted as jury commissioners, under article 4 of chapter 64, R. S. 1909. After the census of 1910 said county ceased to be governed by said provisions of the statute. Motion was made in this case to quash the jury panel on the ground that it was improperly drawn under said article 4, but as there was no evidence offered in support of said motion, the presumption is that the jury panel was selected under the law then governing Buchanan county, and the motion was properly overruled.

Appeal from Buchanan Circuit Court.—*Hon. C. A. Mosman*, Judge.

AFFIRMED.

*Eugene Silverman* for appellant.

(1) Appellant's motion to quash the panel of jurors should have been sustained. The jury was drawn in the manner provided by article 4 of chapter 64, Revised Statutes of Missouri for 1909. These provisions had no application to Buchanan county, and the jury empaneled was not a lawful jury. State ex rel. v. Ryan et al. 232 Mo. 77. (2) Defendant's demurrer to the evidence should have been given. No agency in the witness Ware sufficient to charge appellant was established. The arrangement between War- and appellant does not fall within any of the grounds of liability enumerated by Judge Goode in Hackett v. Van Frank. Trimble v. Mercantile Co., 56 Mo. App. 683; Mussey v. Vanstone, 82 Mo. App. 353; Alexander v. Rollins, 84 Mo. 657; Hackett v. Van Frank, 105 Mo. App. 393.

*Frank H. Miller* and *Robert C. Bell* for respondents.

BROADDUS, P. J.—*Quantum meruit.* The plaintiffs, attorneys at law, are seeking to recover from the defendant corporation compensation for legal services alleged to have been rendered in its behalf.

It appears from the evidence that in the spring of 1909 the appellant was endeavoring to secure a large contract for street paving in the city of Independence, Missouri; that its agent, James T. Ware, did in fact secure the contract for appellant for such street paving in said city; that during the progress of the business said Ware employed respondents to prepare certain resolutions and ordinances and to examine the contracts and proceedings of the city government relating to the pavement of the streets as to their legality; and that respondents in pursuance of such employment prepared the resolutions and ordinances passed by the city council, and the contract for doing the paving.

The president of the company testified that Ware was never in its employ, but that he was promoting on a commission. Q. "What do you mean by promoting?" A. "That is, he went out to secure business." Q. "Secure what?" A. "Paving ordinances, ordering work—paving done at different places; he would go out and solicit among the property owners and get them to sign." Q. "What other things in that connection would he attend to, if anything?" A. "The legal proceedings and everything attached to it." Q. "How was his compensation determined?" A. "By the yard; he was to receive ten cents per yard." Q. "Of all the paving that you put down?" A. "Any work that was completed." He further stated that: The company was under no obligation to Ware in the event it put down no pavement; and that there was no agreement or understanding that he had the authority to bind the company.

Ware testified that, "as promoter, it was my duty to secure the passage of resolutions and look after the legality of the question, and I have always employed an attorney to look after that feature;" that he employed plaintiffs and said the matter of payment would be deducted from his commissions. He was then asked if he explained to Mr. Flournoy that would be the method in this case. A. "I can't say that I did." He stated, however, that he remembered asking Mr. Flournoy that if he would make out the bill that he would send it in to the company for payment and that he did not remember that he told him what his usual custom was. It was shown that Halsey, president of the company, was present at Independence while the proceedings were pending before the city council.

Mr. Flournoy testified that Mr. Halsey told him that Ware represented the company in the matter of getting the contracts. But this was after he had performed a great part of the service. He stated, however, that he had no knowledge or understanding at the time Ware employed his firm that he was the agent of the company, but that he supposed he was as he was looking after the business.

Before the trial was entered upon the defendant moved to quash the jury panel on the ground that it was drawn by a board of jury commissioners created by article 4, chapter 64, Revised Statutes for 1909, and also authorized by other sections of the statute; that said commission had no authority to select said panel for the reason that the statute did not apply to the county of Buchanan at that time, as the last preceding national census shows that there was no city in the county having more than 100,000 inhabitants and less than 400,000 inhabitants as required by said statute. There was no evidence offered showing how and by whom the panel of jurors was selected.

The respective parties tendered certain instructions to the court. Several for the defendant were refused and modified, but with the view we entertain of the case the giving or refusing of any instructions in the case is of no importance and could not affect the rights of the parties under the law as applied to the facts. In the first place, it is perhaps necessary to say that the action of the court in overruling defendant's motion to quash the jury panel was proper. It is true that the act in question providing for selecting jurors did not apply to Buchanan county for the reason that the last United States census shows that there is no city within its limits that contains over 100,000 inhabitants, but there was nothing to show that the panel of jurors was selected by commissioners, and for aught we know it may have been selected in the manner provided by law applicable to Buchanan county, and in the absence of a showing to the contrary, we presume it was so selected.

Under the undisputed facts in the case the plaintiffs were entitled to a judgment. The employment of plaintiffs by Ware to perform the services for which they claim compensation, the performance of the services and the reasonableness of their charges are admitted. There can be no dispute but that Ware was the agent of the company to procure contracts for paving certain streets in Independence for which they were to pay him for all pavement laid, at the rate of ten cents per yard. It is admitted that it was a part of his duties to employ legal service to see that the resolutions for paving, the ordinance providing for paving and the contract for doing the work, should in all respects comply with the law regulating the subject. It is true there was an understanding between Ware and the company that he should incur all this expense. The plaintiffs had no knowledge or information that Ware was to pay them for their services. They rendered the same under the sup-

position that, as the agent was acting for the company, he had authority to employ them and that the company would compensate them for the same.

To us it seems plain that Ware, the agent, when he employed the plaintiffs was not only acting within the apparent scope of his authority, but also by the authority of the company. That he was authorized to employ the service of a lawyer is conceded. The agreement between the company and Ware that the latter was to pay for such service cannot affect the rights of plaintiffs. As to them it was a secret agreement and for that reason not binding on them. The authority from principal to the agent to employ lawyers carried with it the implied obligation upon the principal to pay them for their services. This is fundamental law. That the agent was acting within the scope of his apparent authority there can be no question. In an opinion by GOODE, J., after examining and citing numerous authorities, referring to the rule of apparent authority, he uses the following language: "It appears to accord with the definition of apparent authority commonly given in the textbooks; that it is such authority as a reasonably prudent man, using diligence and discretion, in view of the principal's conduct, would naturally suppose the agent to possess. . . . The question is rather what third persons had the right to believe concerning the agent's powers, than what powers the principal intended to confer." [St. Louis Gunning Co. v. Wanamaker & Brown, 115 Mo. App. l. c. 295-296.] We think this is a correct definition of the rule.

Third persons had the right to believe as the agent had the authority from his principal to employ lawyers that the principal would pay them for their services. As the agent was authorized to employ plaintiffs and as they rendered such service as was necessary and indispensable in forwarding the company's business and of which it received the full ben-

efit, it is estopped from denying its liability to pay for the value of the same. The defendant being liable under the undisputed facts of the case the court should have directed a verdict in favor of the plaintiff. Affirmed. All concur.